IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02268-BNB

FREDERICK D. DEBERRY,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
BLAKE R. DAVIS,
MR. HOLLAND,
MR. COSTINELLO,
MS. BARKER,
S. POLITE, and
R. GICONI,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 22 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Frederick D. Deberry, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Deberry filed *pro se* a Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680. He asks for money damages and declaratory relief.

Mr. Deberry has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee. The Court must construe the complaint liberally because Mr. Deberry is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Deberry will be ordered to file an amended complaint.

Mr. Deberry asserts three claims concerning an attack by another inmate that occurred on March 18, 2009, and resulted in injuries. However, Mr. Deberry has failed to set forth a short and plain statement of his claims showing that he is entitled to relief. As a result, Mr. Deberry's complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that Mr. Deberry is entitled to relief. See ***Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. See ***TV Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity

by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). In order for Mr. Deberry to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Deberry's complaint is vague. He fails to state his claims against each defendant in a clear, succinct, and factual manner. He makes certain allegations repetitively concerning the co-inmate attack. He asserts his claims pursuant to *Bivens* and the FTCA. However, he fails to clarify which claims are asserted pursuant to *Bivens* and which are asserted pursuant to the FTCA. The general rule that *pro se* pleadings must be construed liberally has limits and the Court "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

To the extent Mr. Deberry is attempting to assert FTCA claims, he should note that in an FTCA action, the United States is the only proper defendant. 28 U.S.C. § 2679(d)(1). However, he may not assert his *Bivens* claims against the United States. *See Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009). In order to

3

succeed in a *Bivens* action, Mr. Deberry must demonstrate that federal officials violated his rights under the United States Constitution while acting under color of federal law. *See Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000).

To the extent Mr. Deberry is attempting to assert *Bivens* claims, he must show the personal participation of each named defendant in the asserted claims. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Deberry must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Deberry may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Deberry uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

Mr. Deberry, therefore, will be directed to file an amended complaint that states his claims clearly and concisely, sues proper parties, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that **within thirty days from the date of this order** Plaintiff, Frederick D. Deberry, file an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Deberry, together with a copy of this order, two copies of the Prisoner Complaint form to be used in submitting the amended complaint. It is

FURTHER ORDERED that if, within the time allowed, Mr. Deberry fails to file an amended complaint that complies with this order the complaint and the action will be dismissed without further notice.

DATED September 22, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02268-BNB

Frederick D. Deberry
Reg No. 09303-042
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226-8500

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 9/22/10

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk