**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-02268-CMA-BNB

FREDERICK D. DeBERRY

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
BLAKE R. DAVIS,
MR. HOLLAND,
MR. CASTANEDA,
MS. BARKER,
S. POLITE, and
R. GICONI,

    Defendants.

---

**ORDER ADOPTING AND AFFIRMING IN PART AND DENYING
IN PART NOVEMBER 10, 2011 RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

This case was referred to United States Magistrate Judge Boyd N. Boland pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. (Doc. # 12.) On November 10, 2011, the Magistrate Judge issued a Recommendation (Doc. # 51), advising this Court to dismiss Plaintiff's (Amended) Complaint (Doc. # 5) with prejudice "for his failure to make monthly payments of twenty percent of his preceding month's income until his filing fee was paid in full, or show cause each month that he has no assets with which to make the monthly payment, all as directed by the court's orders of September 16, 2010, and September 27, 2011." Plaintiff timely filed "Written Objections to the Magistrate

Judge's Recommendation" (Doc. # 59) on November 25, 2011.  Defendants responded on December 1, 2011 (Doc. # 60), and Plaintiff replied on December 13, 2011 (Doc. # 66).

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

In the instant case, Plaintiff does not "properly object[]" to any part of the Recommendation.  Instead, his objections consist of (1) the same arguments he raised before the Magistrate Judge (*see* Doc. # 50) and (2) other arguments which do not address the crux of the Magistrate Judge's Recommendation.  (*See generally* Doc. # 59).  Nonetheless, the Court has conducted a *de novo* review of this matter, including carefully reviewing all relevant pleadings, the Recommendation, Plaintiff's objections, Defendants' responses thereto, and Plaintiff's reply.  Based on this *de novo* review, the Court concludes that the Magistrate Judge's Recommendation is correct to the extent that Plaintiff has failed to comply with court orders, thereby meriting dismissal of his Amended Complaint; but the Court disagrees with the Recommendation to the extent that it suggests such dismissal should be with prejudice.

As the Magistrate Judge noted, Plaintiff was granted leave to proceed *in forma pauperis* on September 16, 2010. (Doc. # 2.) The Order granting such leave stated, in part:

> [A]lthough he need not pay an initial partial filing fee, Mr. Deberry remains obligated to pay the required $350.00 filing fee through monthly installments as directed in this order . . . regardless of the outcome of this action.
>
> [. . .]
>
> [U]ntil the $350.00 filing fee is paid in full, Mr. Deberry shall make monthly payments to the court of twenty (20) percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment. Mr. Deberry is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order. In order to show cause, Mr. Deberry must file a current certified copy of his trust fund account statement.
>
> [. . .]
>
> [I]f Mr. Deberry fails to have the appropriate monthly payment sent to the clerk of the court each month or to show cause each month as directed above why he has no assets and no means by which to make the monthly payment, the complaint may be **dismissed without prejudice** and without further notice.

(*Id.* (emphasis added).)

Plaintiff failed to make payments or show cause as to why he could not have made such payments in April, May, June, July, August, and September 2011. Accordingly, the Magistrate Judge issued an Order to Show Cause on September 27, 2011 (Doc. # 49), ordering Plaintiff to either make the required monthly payments or show cause as to why he could not. The Magistrate Judge warned that noncompliance

would result in a recommendation "that the case **be dismissed** for failure to comply with this order and with the order allowing plaintiff to proceed *in forma pauperis* . . . ." (*Id.* at 3 (emphasis added).)

In his response to the Show Cause Order, Plaintiff did not explain why he failed to show cause regarding his financial circumstances from April through September 2011. (*See* Doc. # 50.) Nor did he make the required monthly payment for April 2011, despite a certified copy of his inmate account statement showing that he had sufficient income that month. (*Id.*) Accordingly, the Magistrate Judge determined that Plaintiff had failed to comply with the show cause order (Doc. # 49) and the order granting him leave to proceed *in forma pauperis* (Doc. # 2). The Court agrees with that conclusion, as well as with the Magistrate Judge's reasoning, which the Court incorporates by reference here. However, the Magistrate Judge further determined, according to the factors in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), that the case should be dismissed with prejudice. On *de novo* review, the Court determines that dismissal without prejudice is the appropriate remedy.

The *Ehrenhaus* factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* (quotation marks, citations, and lacuna omitted). The Court agrees with the Magistrate

Judge's analysis of the first three factors and, thus, will not re-address them here. Instead, the Court focuses on factors four and five.

With regard to the fourth factor, the Magistrate Judge stated, "The plaintiff has had ample warning that his case would be dismissed for noncompliance with the payment and reporting requirements . . . ." (Doc. # 51 at 5.) While true, those warnings were, as indicated by the Court's citations with emphasis above, that noncompliance could lead to (1) dismissal "without prejudice" (Doc. # 2) or (2) just "dismissal" (Doc. # 49). The Court would fall short of attaining *Ehrenhaus*'s requirement of reaching a "just" sanction by ordering dismissal with prejudice when the record indicates that Plaintiff was not warned such dismissal would occur. 965 F.2d at 920.

As to the fifth factor, the Magistrate Judge stated that "[t]he plaintiff is proceeding *in forma pauperis*; consequently, a monetary sanction would be ineffective." (Doc. # 51 at 5.) Although it is true that Plaintiff is proceeding *in forma pauperis*, the Court disagrees as to the effect of a monetary sanction which, in effect, dismissal will produce. As noted previously, Plaintiff must pay the $350 filing fee in monthly installments regardless of the outcome of this action. Considering his three most recent payments were for less than $5 each (*see* Doc. ## 75, 77, and 79), paying the remainder of the $350 fee will surely constitute a sacrifice for Plaintiff.

For the foregoing reasons, the Court ORDERS that:

1. The Recommendation of the United States Magistrate Judge (Doc. # 51) filed November 10, 2011, is AFFIRMED and ADOPTED IN PART as an Order of

   this Court to the extent that dismissal of Plaintiff's Amended Complaint (Doc. # 5) is warranted; the Recommendation is DENIED IN PART to the extent that such dismissal will be WITHOUT PREJUDICE.

2. Plaintiff's objections (Doc. # 59) are OVERRULED.
3. This case is DISMISSED WITHOUT PREJUDICE.
4. In light of this Order, the other pending motions in this case are DENIED AS MOOT.

DATED:  March   23  , 2012

                              BY THE COURT:

                              _____
                              CHRISTINE M. ARGUELLO
                              United States District Judge